United States District Court
District of Connecticut
FILED AT HARTFORD
9/2/2009
Robert D. Tepora, Clerk
By: [signature]
Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Konrad Korzeniowski
Plaintiff,
v.

Nco Financial Systems
Michael J. Barrist

Civil No: 3:09CV1399 WWE

Date: September 01, 2009
Demand: Jury Trial

### COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff Konrad Korzeniowski, for its Complaint alleges;

1. Plaintiff t brings this action under Sections 5(a), 5(m) (1)(a), and 13 (b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§45(a), 45(m)(1)(a) , and 53(b), to secure permanent injunctive relief and other equitable relief, including rescission, reformation, redress and disgorgement, against defendants for engaging in unfair and deceptive acts and practice in violation of Section 5(a) of the FTC Act, as amended, 15 U.S.C. § 45(a), and acts or practices in violation of the Fair Debt Collection Practices Act( "FDCPA"),15 U.S.C § 1692 et seq., as amended, and the Fair Credit Reporting Act ( "FCRA"), 15 U.S.C. § 1681 et seq.,

### JURISDICTION AND VENUE

2. United District Court District of Connecticut has subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1331, 1337(a), and 1345, and 15 U.S.C §§ 45(a), 53(b), and 1691 l. This action arises under 15 U.S.C. § 45 (a) and 15 U.S.C. §16921.

3. Venue District Court for the District of Connecticut is proper under 28 U.S.C §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

4. At all times material to this complaint, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as " commerce" is defined in Section 4 of the FTC Act, 15 U.S.C §44

### PARTIES

5. Plaintiff Konrad Korzeniowski is a consumer living in state of Connecticut.

6. Defendant, Nco Financial Systems Inc is a Pennsylvania corporation with its principal office and place of business located within the,507 Prudential Road, Harsham PA 19044 . At all the times relevant to this Complain, Defendant has transacted business in the Harsham ,PA

7. Defendant, Michael J. Barrist Chief Executive Officer of NCO Financial System a Pennsylvania corporation with its principal office and place of business located within the, 507 Prudential Road, Harsham PA 19044. At all the times relevant to this Complain, Defendant has transacted business in the Harsham PA

8. Defendant is a debt collector as "debt collector" is defined in Section 803(6) of the FDCP Act, 15 U.S.C §1692a (6).

9. The term" consumer" as used in this Complaint means any person obligated or allegedly obligated to pay any debt , as " debt" is defined in Section 803(5) of the FDCP Act, 15 U.S.C §1692a(5)

### FAIR DEBT COLLECTION PRACTICE ACT

10. In 1977, Congress passed the FDCP Act, 15 U.S.C § 1692-1692o, which became effective on March 20, 1978, and has been in force ever since that date. Section 814 of the FDCP Act, 15 U.S.C § 1692l, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCP Act by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional test set by the FTC Act, including the power to enforce the provisions of the FDCP Act in the same manner as if the violations were violations of the Federal Trade Commission trade regulation rule.

### VIOLATION OF SECTION 5 OF THE FTC ACT

11. _ Section 5(a) of the FTC act, 15 U.S.C §45(a), prohibits unfair or deceptive acts or practices in or affecting commerce

### COUNT ONE

### VIOLATION OF THE FAIR CREDIT REPORING ACT

12. Plaintiff incorporates by reference all of the foregoing paragraphs

In numerous instances, in the course and conduct of their business, defendants have furnished information relating to consumer a consumer reporting agency when defendants knew or consciously avoided knowing that the information was inaccurate, and when defendant have not , clearly and conspicuously, specified to consumers an address for mailing notices disputing said information

13. NCO Financial Systems pursuant to Sixth Circuit Rule 24,1998 FED App. 0182 (6 th Cir.) File Name: 98a0182p.06 UNITED STATES COURT OF APPEALS FOR THE SIXT CIRCUIT, alleging a violation of the FCRA, 15 U.S.C 1681 et. al, seq. As a general rule, a person is proceeding under false pretenses when he/she (1) knowingly and willfully obtains a consumer report for a purpose that is not sanctioned by the FCRA and (2) fails to disclosure her/his true motivation to the consumer reporting agency. See Northrop v.Hoffman of Simsbury,Inc.,134 F.3d 41 , 46 n.6( 2d Cir.1997); Zamara v. Valley Fed. Sav.&Loan Ass'n, 811 F.2d 1368, 1370-71( 10th Cir. 1987); cf.Kennedy, 747 F.2d at 370 ( (Wellford,J. concurring). Permissible Purposes under the FCRA Section 1681b of the FCRA lists the purposes for which a party may obtain a consumer report: A consumer reporting agency may furnish a consumer report under the following circumstances and no other:(3) To a person which it has reason to believe--(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or (B) intends to use the information for employment purposes; or (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or (D) intends to use the information in connection with a determination of the consumer's eligibility for a license ... or(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer. While a lawsuit occasionally may give rise to a "legitimate business need" for a consumer report, *see Spence v. TRW, Inc.*, 92 F.3d 380 (6th Cir. 1996), trial preparation generally does not fall within the scope of ? 1681b. *See Mone*, 945 F.2d at 308; *Houghton*, 795 F.2d at 1149; *see also Allen v. Calvo* 832 F. Supp. 301, 303 (D. Or. 1993) (finding that? 1681b does not permit a party to obtain a consumer report in connection with a criminal investigation and prosecution).

14. NCO Financial System has excellent knowledge of violating Fair Credit reporting act, in the limited instances where courts have allowed parties to obtain consumer reports pursuant to 1681b (3)(E) for use in litigation, the legal dispute typically has related to the collection of a debt owed by the consumer. Since this is not a case Nco Financial System has intentionally violate Fair Credit Reporting Act. In *Allen v. Kirkland & Ellis*, for example, a district court permitted a law firm to obtain a consumer report to prepare for litigation over funds owed to its client. *See* 1992 WL 206285 at *2 (N.D. Ill. 1992); *see also Zeller v. Samia*, 758 F. Supp. 775 (D. Mass. 1991). In finding that ? 1681b(3)(E) applied, the *Allen* court emphasized, "The legal dispute which justified Kirkland & Ellis' request for plaintiff's credit report related to the collection of an alleged business debt. A different result may have been reached if the report had been acquired in connection with litigation that did not involve liability for a commercial obligation deriving from a business transaction between the parties." *Id.* at *3 n.4. This interpretation

of ? 1681b(3)(E) comports with the rule of ejusdem generis. So long as the lawsuit involves the collection of a debt, the attorney is likely to procure the consumer report for a purpose analogous to those enumerated in ? 1681b. *See* ? 1681b(3)(A) (permitting reports to be obtained "in connection with a credit transaction involving the ... collection of an account."). As a lawsuit moves outside the realm of debt collection, however, it is less likely--although not altogether impossible--that an attorney will obtain the report for a purpose that is within the purview of 1681b. *Cf. Spence,* 92 F.3d at 383 (explaining that an agency may furnish a consumer report to a utility company that is being sued for alleged false reporting of a past-due debt). The Ninth Circuit has commented "that a user cannot ... obtain consumer information for a purpose not permitted under 1681b without a false pretense." *Hanson v. Morgan,* 582 F.2d 1214, 1219 (9th Cir. 1978). In *Kennedy,* however, Judge Wellford disagreed with this statement because it did not reflect the requirement of 1681q--which forms the basis for civil liability under 1681n--which a person act *knowingly* and *willfully. See Kennedy,* 747 F.2d at 370 (Wellford, J., concurring). Given this requirement, we agree with Judge Wellford that, in order to incur civil liability for operating under false pretenses, a party must act willfully and purposefully "with a motivation to injure." *Id.* This interpretation comports with the language of ? 1681n, which imposes liability for "willful noncompliance" with the FCRA. *Cf. Aetna Cas. & Sur. Co. v. Sunshine Corp.,* 74 F.3d 685, 688 (6th Cir. 1996) (discussing the consequences of willful and negligent noncompliance with the FCRA and citing ? 1681n only in reference to willful noncompliance); *Comeaux v. Brown & Williamson Tobacco Co.,* 915 F.2d 1264, 1273 n.11 (9th Cir. 1990) (same). This interpretation is also consistent with that of other circuits which, when confronted with a claim that a party is civilly liable for proceeding under false pretenses, have inquired whether the party acted knowingly and willfully. *See Zamora,* 811 F.2d at 1370-71; *see also Northrop,* 134 F.3d at 48 n. 10.

15. NCO Financial System has intentionally and willfully violated the fair Credit Reporting Act (FCRA or the ACT), 15.U.S.C § 1681 et.Seq. Bakker v.McKinnon,Civil No. 96-5112 ( W.D.Ark. July 21, 1997). In 1996 § 1681b was amended and the "business need" exception was renumbered as § 1681b(a)(3)(F). That subsection now provides that a party may obtain a report if it "otherwise has a legitimate business need for the information-- (i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account." Consumer Credit Reform Act of 1996, Pub. L. No. 104-208, § 2403, 110 Stat. 3009, 3009-430 (1996). Because the 1996 amendment does not apply here (its effective date was 365 days after September 30, 1996), our statutory analysis-7- does not consider it. See Duncan v. Handmaker, No. 96-6523, 1998 WL 292256, at *2n.3 (6th Cir. June 8, 1998) (noting 1996 amendment arguably

restricts scope of business need exception), citing Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41,45 n.5 (2d Cir. 1997). A showing of malice or evil motive is not required to prove willfulness.

16. NCO Financial System Under UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT Richard J.Dalton vs. Capital Associated Industries, No. 00-2337under the Act. *See, e.g., Stevenson v. TRW, Inc.,* 987 F.2d 288,294 (5th Cir. 1993); *Yohay v. City of Alexandria Employees CreditUnion,* 827 F.2d 967, 972 (4th Cir. 1987) has intentionally violate Fair Credit Reporting Act. Under above citation the plaintiff must only show that the defendant "knowingly and intentionally committed an act in conscious disregard for the rights" of the consumer. *Pinner v.Schmidt,* 805 F.2d 1258, 1263 (5th Cir. 1986). *See also Stevenson,*987 F.2d at 294; *Yohay,* 827 F.2d at 972. Even though summary judgmentis "seldom appropriate" on whether a party possessed a particular state of mind, evidence that CAI acted willfully is wholly lacking.*See Magill v. Gulf & W. Indus., Inc.,* 736 F.2d 976, 979 (4th Cir.1984). In the SUPREME COURT OF THE UNITED STATES Safeco Insurance Company of America et.Al. Petitioners, vs. Charless Burr.Et.AL ,Question Presented Whether the Ninth Circuit erred in holding that a defendant can be found liable for a "willful" violation of the Fair Credit Reporting Act ("FCRA") upon a finding of "reckless disregard" for FCRA's requirements, in conflict with the unanimous holdings of other circuits that "willfulness" requires actual knowledge that the defendant's conduct violates FCRA. This case presents a square circuit conflict on an important and recurring question of federal statutory construction.

17. NCO Financial System Under § 616 of the Fair Credit Reporting Act, 15U.S.C. §§ 1681 *et seq.* ("FCRA"), can be held liable for actual damages or statutory damages of up to$1,000 per violation, punitive damages, attorney's fees, and costs for any "willful" violation of FCRA's substantive requirements. 15 U.S.C. § 1681n.1 Unlike other federal consumer credit provisions, such as the Truth in Lending Act, 15 U.S.C. § 1640(a)(2)(B), and the Equal Credit Opportunity Act, 15 U.S.C. § 1691e(b), FCRA contains no limit on the amount of damages (actual, statutory, or punitive) that can be recovered in a consumer classaction.2 Under the settled law of all other circuits to address the issue, liability for "willful" conduct must be based upon a showing that the defendant knew that its conduct violated FCRA. In the decision below, however, the Ninth Circuit departed from this unanimous view and held that insurers, banks, and the many other businesses covered by FCRA can be held liable under § 616 in circumstances where they act with "reckless disregard" of the law's requirements. The decisions of the Sixth, Seventh, and Eighth Circuits are in accord with the decisions of every other court of appeals to address the *mens rea* required under § 616 – including the Second, Third, Fourth, Fifth, and Tenth Circuits. Each of these courts has stated that "willfulness" requires "knowingly and intentionally" committing an act in "conscious" or "deliberate and purposeful" disregard of the statutory requirements of FCRA.

In the words of the Fourth Circuit, "[t]o prove willfulness under [§ 616 of FCRA], Plaintiffs must 'show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of the consumer.'" *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 900 (4th Cir. 2003) (quoting *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 418 (4th Cir. 2001)); *see Northrop v. Hoffman of Simsbury, Inc.*, 12 F. App'x 44, 50 (2d Cir. 2001) ("[t]o show willful noncompliance, a plaintiff must show that a defendant 'knowingly and intentionally committed an act in conscious disregard for the rights of others'") (quoting *Bakker*, 152 F.3d at 1013); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 970 (3d Cir. 1996) ("[t]o show willful noncompliance with the FCRA, [a plaintiff] must show that defendants 'knowingly and intentionally committed an act in conscious disregard for the rights of others'") (quoting *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986));7 *Stevenson*, 987 F.2d at 293 ("To be found in willful noncompliance defendant must have 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'") (quoting *Pinner*, 805 F.2d at 1263); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir. See[ The Ninth Circuit purported to follow the Third Circuit's decision in *Cushman v. Trans Union Corp.*, 115 F.3d 220 (3d Cir. 1997). In that case, the Third Circuit panel reiterated its prior holding in *Philbin* that willful noncompliance requires that a defendant " 'knowingly and intentionally committed an act in *conscious* disregard for the rights of others,' " *id.* at 226 (quoting *Philbin*, 101 F.3d at 970) (emphasis added), but it then proceeded to state, without explanation for the change, that Trans Union could be liable for punitive damages under § 616 if it acted "knowing [its actions] to be in contravention of the rights possessed by consumers pursuant to FCRA or in *reckless* disregard of whether" its actions were lawful, *id.* at 227 (emphasis added).In light of its recitation of the prior holding in *Philbin*, which clearly requires actual knowledge, the *Cushman* opinion cannot plausibly be said to hold that "reckless disregard" satisfies the "willfulness" standard under § 616. 2001) (same); *Sapia v. Regency Motors of Metairie, Inc.*, 276 F.3d 747, 753 (5th Cir. 2002) ("For a violation to be 'willful,' . . . a defendant's course of conduct must exhibit a 'conscious disregard' for or entail 'deliberate and purposeful' actions taken against a plaintiff's rights.") (quoting *Cousin*, 246 F.3d at 372); *Zamora v. Valley Fed. Sav. & Loan Ass'n*, 811 F.2d 1368, 1369 (10th Cir. 1987) (per curiam) (liability under § 616 must be predicated on a finding that defendant acted "willfully and knowingly"). The requirement that the defendant act "knowingly and intentionally" and in "conscious" or "deliberate and purposeful "disregard plainly entails an intentional refusal to abide by known legal requirements. As the Eighth Circuit explained in *Phillips*, "under this formulation the defendant must commit the act that violates the [FCRA] with knowledge that he is committing the act and with intent to do so, and he must also be conscious that his act impinges on the rights of others." 312 F.3d at 368. Indeed, whenever these circuits have applied the *mens rea* requirement of § 616 to the facts of a particular case, they have inquired whether there was evidence showing that the defendant knew that his conduct violated the law. *See, e.g., Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 476 (2d Cir. 1995) (rejecting plaintiffs' Rule

Page 6 of 15

60(b) motion because proffered evidence "does not support the kind of 'conscious disregard' or 'deliberate and purposeful' actions necessary to make out a claim for willful noncompliance under the FCRA") (citing *Pinner*, 805 F.2d at 1263); *Yohay*, 827 F.2d at 972 & n.8 (upholding jury's verdict for plaintiff under § 616 only after finding "considerable evidence" that defendant credit union "consciously ignored" plaintiff's rights because its manager "acted purposefully and with full knowledge of what she was doing"); *Zamora*, 811 F.2d at 1370-71 (affirming jury verdict of willful violation under § 616 because trial testimony indicated that bank employees "knew the permissible purposes for obtaining consumer reports" and "knew they could not access the records of a spouse when checking the credit of an individual"). The split among the circuits is thus wide and well developed.

Eight circuit courts have held that "willfulness" requires a knowing or intentional violation, and three circuits have specifically rejected the Ninth Circuit's "reckless disregard" standard. Only the First, Eleventh, and D.C. Circuits have not expressed a view on the issue. There is no indication that this division will be resolved with further percolation. In *Duncan v. Handmaker*, 149 F.3d 424 (6th Cir. 1998), the Sixth Circuit similarly held that civil liability for "willful noncompliance" requires that "the party acted knowingly and willfully." *Id.* at 429. On this basis, the court held that defendants "cannot be held civilly liable" for obtaining a consumer credit report for an improper purpose, in violation of 15 U.S.C. § 1681b, "'under what is believed to be a proper purpose under the statute but which a court... later rule[s] to be impermissible legally under § 1681b.'" *Id.* (quoting *Kennedy v. Border City Sav. & Loan Ass'n*, 747 F.2d 367, 370 (6th Cir. 1984) (Wellford, J., concurring)) (alterations in original); *accord Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 364 (6th Cir. 2005) (for plaintiff to be eligible for punitive damages under § 616, "the defendant must have committed a willful violation by knowingly and intentionally committing an act in conscious disregard for the rights of others"). The Sixth Circuit's decision in *Duncan* is at odds with the Ninth Circuit's holding below that defendants *can* be held civilly liable for "willful noncompliance," notwithstanding the lack of any judicial decision establishing FCRA's applicability to initial policies of insurance, and therefore the lack of any knowledge that its failure to provide notice was in violation of § 615. Likewise, the Seventh Circuit in *Wantz v. Experian Information Solutions*, 386 F.3d 829 (7th Cir. 2004), held, in agreement with the Eighth Circuit's decision in *Phillips*, that, "[t]o act willfully, a defendant must knowingly and intentionally violate the Act, and it 'must also be conscious that [its] act impinges on the rights of others.'" *Id.* at 834 (quoting *Phillips*, 312 F.3d at 368) (second alteration in original); *accord Ruffin-Thompkins v. Experian 16 Info. Solutions, Inc.*, 422 F.3d 603, 610 (7th Cir. 2005) (quoting *Wantz*).

18. The acts and practices alleged in paragraph 13 constitute violations of Section 623(a) (1) (a) of the FCRA, 15 U.S.C §1681 s-2(A) (1) (A).

19. Pursuant to Section 621 ( a) (1) of the FCRA, 15 U.S.C Sec. 1681s( a) (1), the acts and practices alleged in paragraph 48 also constitute unfair or deceptive acts or practices in violation of Section 5(1) of the FTC Act, 15 U.S.C. § 45(a)

20. Defendants regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about their transactions or experiences with consumers, and thus must comply with the provisions of Section 623(a)(2) of the FCRA, 15 U.S.C § 1681 s-2(a)(2)

21. In numerous instances in which defendants have furnished to a consumer reporting agency information that defendants determined is not complete and accurate defendants have failed to promptly notify the consumer reporting agency of that determination and provide to the agency and corrections to that information , or any additional information , that was necessary to make the information provided by the defendants to the agency complete and accurate; and defendants thereafter furnished to the agency information that remained incomplete and inaccurate

22. The acts and practices alleged in paragraph above constitute violations of Section 623(a)(2) of the FCRA, 15 U.S.C § 1681s-2(a) (2)

23. Pursuant to Section 621 (a) (1) of the FCRA, 15 U.S.C § 1681)(a)(1), the acts and practices alleged in paragraph 54 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C § 45(a).

24. The acts and practices alleged in paragraph 13 constitute violation of Section 623(a) (3) of the FCRA, 15 U.S.C §1681s-2(a) (3).

25. Pursuant to Section 621 (a) of the FCRA, 15 U.S.C § 1681 s ( a) (1), the acts and practices alleged in paragraph 14 also constitute unfair or deceptive acts or practices in violation of Section 5 (a) of the FTC Act, 15 U.S.C § 45(a)

### CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA

26. Except as to violations of Section 623(a) (1), 15 U.S.C § 1681s-2(a)(1) , each instance in which each defendant has violated the FCRA. FTC has amended FCRA after September 30,1997, the date that the amended FCRA went into effect providing for civil penalties for violates of the law, constitute as separate violation of the FCRA for which plaintiff seeks monetary civil penalties under Section 621 of the FCRA, 15 U.S.C § 1681s

27. In the event of a knowing violation, which constitutes a pattern or practice of violation of the FCRA, Section 621 of the FCRA authorizes the Court to award monetary civil penalties of not more than $2,500 per violation for violations occurring after September 30, 1997.

### COUNT 2

28. On numerous occasions, in connection with the collection of debts, NCO Financial System have represented to consumer, expressly or by implication, that if the consumer does not pay the defendants, the defendants can and will take actions that will have a significant adverse effect on the consumer's credit report.
29. In true and in fact, a consumer's failure to pay the Defendants cannot and will not have a significant adverse effect on consumer's credit report when a debt is disputed.
30. Therefore, the Defendant's representations as set forth in Paragraph 26 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C §45(a)

### COUNT 3

31. On numerous occasions, in connection with the collection of debts, NCO Financial System have represented to consumer, expressly or by implication, that;
    a. The consumer can be arrested or imprisoned for failing to pay the Defendants;
    b. The consumer has a legal obligation to pay to the Defendants; or
    c. If consumer does not pay the Defendants, the Defendants can or will take formal legal action against the consumer, such as filling suit, seizing or attaching property, or garnishing wages.
32. In true and in fact:
    a. The consumer cannot be arrested or imprisoned for failing to pay the Defendants;
    b. The consumer is not legally obligated to pay the Defendants if the debt is disputed until verification is obtained; and
    c. If consumer does not pay the Defendants; the Defendants cannot or will not take formal legal action against the consumer, such a filing suit, seizing or attaching property, or garnishing wages.
33. Therefore, Defendants' NCO Financial Systemrepresentations as set forth in Paragraph 31 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C §45(a).

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT 4

34. On numerous occasions, in connection with the collection of a debts, NCO Financial System have communicated with a consumer without the consumer's prior consent given directly to the debt collector or the express permission of a court of competent jurisdiction;
    a. At the times or place that the Defendants knew or should have known to be inconvenient to the consumer, including but not limited to communicating with the consumer at the consumer's place of

employment when the debt collector knew or should have known that is inconvenient for the consumer to receive such communications, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C § 1692c(a)(1); or

b. At the consumer's place of employment when the NCO Financial System knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communications, in violation of Section 805(a)(3) of the FDCPA,

15 U.S.C. §1692 c (a) (3).

## COUNT 5

35. On numerous occasions, in connection with the collection of debts, the Defendants have communicated with third parties for purpose other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonable necessary to effectuate a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C § 1692 c(b).

## COUNT 6

36. On numerous occasions, in connection with the collection of debts, the defendants have communicated with a consumer after the consumer has notified the Defendants in writing that the consumer refuses to pay a debt or that the consumer wished the debt collector to cease further communication with the consumer, in violation of Section 805 (c) the FDCPA, 15 U.S.C. § 1692c(c).

## COUNT 7

37. On numerous occasions, in connection with the collection of debts, the NCO Financial System have engaged in conduct the natural consequence of which is to harass, oppress, or abuse, a person, in violation of Section 806 of the FDCPA, 15 U.S.C § 1692d, including, but not limited to;

a. Using obscene or profane language or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C §1692d(2); and

b. Causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the number called, in violation of Section 806(5) of the FDCPA, 15 U.S.C. §1692d(5)

## COUNT 8

38. On numerous occasions , in connection with the collection of a debt, NCO Financial System have used false, deceptive , or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C §1692e, including but not limited to:

    a. Falsely representing the character, amount, or legal status of any debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A);

    b. Falsely representing or implying that an individual is an attorney or that a communication is from an attorney in violation of Section 807(3) of the FDCPA, 15 U.S.C §1692e(3);

    c. Falsely representing or implying that nonpayment of a debt will result in the arrest ir imprisonment of a person or the seizure, garnishment or attachment of a person's property or wages, when such action is not lawful or when the Defendants have no intention of taking such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C §1692e(4);

    d. Threatening to take action that is not lawful or the Defendants do not intend to take , such a filing a lawsuit, in violation of Section 807(5) of the FDCPA, 15 U.S.C§ 1692e(5);

    e. Threatening to communicate with any person credit information that the Defendants know or should have know to be false, in violation of Section 807(8) of the FDCPA, 15 U.S.C §1692e(8);or

    f. Using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C § 1692e(10)

## COUNT 9

39. On numerous occasions , in connection with the collection of a debt, when the consumer has notified the Defendants in writing within the thirty day period pursuant to Section 809(a) of the FDCPA, 15 U.S.C §1692g (a), that the debt, or any portion thereof, is disputed, the Defendants have continued to attempt to collect the debt before the verification of the debt was provided to the consumer, in violation of Section 809(b) of the FDCPA, 15 U.S.C § 1692 g (b)

## COUNT 10
### PENAL CODE

40. Plaintiff incorporates by reference all of the foregoing paragraphs

41. Plaintiff has been harassed numerous times by NCO Financial System of filing a lawsuit against Konrad Korzeniowski if he does not pay his obligation

42. NCO Financial System and employees has harassing Konrad korzeniowski on the phone of taking his wages, and salary, or any bonuses to satisfy his debt
43. NCO Financial System has harassing Konrad Korzeniowski of notifying CheckSystem, a consumer reporting agency of any delinquency of an account if Konrad Korzeniowski don't meet with his obligation
44. NCO Financial System took adverse action, to collect a debt that has not been verify with is violation of Section 809(b) of the
    FDCPA, 15 U.S.C § 1692 g (b)
45. Konrad Korzeniowski suffer injury and will continue to suffer substantial injury as a result of defendants NCO Financial System of violation of Fair Debt Collection Practice Act, Fair Credit Reporting Act

### CIVIL PENALTY FOR VIOLATION OF PENAL CODE

46. Pursuant to Connecticut General Statue Sec 42-110 b Audit System intentionally doing Unfair and Deceptive business practice and shall be punished by law to maximum penalty of $25,000 for each violence and allowed by Connecticut Penal Code, Title 53a, Sec53a-25 and Connecticut General Statue Sec 42-110b
47. NCO Financial System shall be punished Class D Felony threatening 2nd degree up to $2,000 for each violence and class A felony of $5,000 and up to 1-5 years in prison.
48. NCO Financial System shall be Imprisonment for misdemeanor for class C misdemeanor Sec 53a-61(a)(3) and 53a-61a of Connecticut General Statue

### CONSUMER INJURY

49. Konrad Korzeniowski has suffered or will suffer substantial monetary loss as a result of the Defendants' NCO Financial System violations of Section 5(1) of the FTC Act and the FDCPA. Absent injunctive relief by the Court, the Defendants are likely to continue to injury consumers and harm to the public interest.

### DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT HAS A POWER TO GRANT RELIEF

50. Section 13(b) of the FTC Act, 15 U.S.C. §53(b), and Section 814(a) of the FDCPA, 15 U.S.C § 126921(A), empower this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the FTC.
51. District Court for the District of Connecticut has a full Diem of punish Deferent for Unlawful and Deceptive Business Practices.

52. District Court for the District of Connecticut, in the exercise of its equitable jurisdiction, may award other ancillary relief to remedy injury caused by the Defendant's law violations.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff request that this Court, pursuant to Section 13(b) of the FTC Act U.S.C § 53(b), and Section 814(A) of the FDCPA, 15 U.S.C § 16921(a), Connecticut Penal Code Title 53a, Sec53a-25 and Connecticut General Statue Sec 42-110b, and pursuant to its own equitable powers;

1. Award plaintiff such preliminary injunctive and ancillary relief, including a temporary restraining order, asset freeze, and appointment of a receiver, as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief;
2. Permanently enjoin the Defendants from violating the FTC Act and The FDCPA;
3. Permanently enjoin the Defendants from engaging, directly or indirectly , in the occupation of debt collector;
4. Enjoining Defendants' and their employees, officers, directors, agents, successors, assignees, affiliates, merged, or acquired predecessors, parent, or controlling entities, subsidiaries, and all other person activity in concert or participation with them, from engaging in deceptive practices, or making false and misleading statement with is violation of Fair Debt Collection practices Act Section 623(a)(2) of the FCRA, 15 U.S.C, violation of Section 5(a) of the FTC Act, 15 U.S.C §45(a), in violation of Section 807(10) of the FDCPA, 15 U.S.C § 1692e(10)
5. Award such relief as the Court finds necessary to redress injury to consumers resulting from the Defendant's violations of the FTC Act and the FDCPA, including but not limited to, rescission of contracts, the refund of monies paid, and the disgorgement of ill-gotten gains by Defendants;' and violation of Section 809(b) of the FDCPA, 15 U.S.C § 1692 g (b)
6. Award plaintiff the cost of bringing this action, as well as such other and additional relief as the Court may determine to be just a proper
7. Plaintiff total relief seeking as follow
    a. Statutory damages of: $110,000
    b. Punitive damages of: $25,000
    c. Criminal charges up to 7 years and $7,000 penalty

Respectfully submitted,

Konrad Korzeniowski
51 Rackliffe Drive
New Britain CT 06051
Phone: 860-595-9436
Fax: 866-796-3839

## Certification

I hereby certify that on September ___, 2009, a copy of the foregoing was mailed postage prepaid to all parties and counsel of record as follows;

NCO Financial System
507 Prudential Road
Horsham, PA 19044

Michael J. Barrist
507 Prudential Road
Horsham , PA 19044

Respectfully submitted

*/s/ Konrad Korzeniowski*

Konrad Korzeniowski
51 Rackliffe Drive
New Britain CT 06051
Phone: 860-595-9436
Fax: 866-796-3839