UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KONRAD KORZENIOWSKI,<br>      Plaintiff, | :<br>:<br>: |
| v. | :     3:09-cv-1399 (WWE) |
| | : |
| NCO FINANCIAL SYSTEMS and<br>MICHAEL J. BARRIST,<br>      Defendants. | :<br>:<br>: |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS**

     Plaintiff Konrad Korzeniowski brings this action pro se alleging that defendants NCO Financial Systems and Michael J. Barrist violated the Federal Trade Commission Act.  Defendants have filed two motions to dismiss (Docs. #14, 15).  The first motion, filed by both defendants, is based on Federal Rules of Civil Procedure 8, 10, 11 and 12; the second motion, filed only by defendant Barrist, argues that plaintiff has failed to establish that the Court possesses personal jurisdiction over him.  For the reasons below, the motions will be granted.

     Despite defendants' compliance with Local Rule of Civil Procedure 12 and further notice from the Court, plaintiff has not filed a response to defendants' motions.

**BACKGROUND**

     For purposes of ruling on motions to dismiss, the Court accepts all allegations of the complaint as true.

     Plaintiff is a consumer living in the state of Connecticut.  Defendant NCO Financial Systems, Inc. is a Pennsylvania corporation with a principal place of business in Pennsylvania.  During the relevant time, NCO Financial conducted business in

1

Pennsylvania.  Defendant Barrist is Chief Executive Officer of NCO Financial.

Plaintiff alleges that:

> in numerous instances in the course and conduct of their business, defendants have furnished information relating to consumer [to] a consumer reporting agency when defendants knew or consciously avoided knowing that the information was inaccurate, and when defendant[s] have not, clearly and conspicuously, specified to consumers an address for mailing notices disputing said information.

Plaintiff further alleges defendants intentionally and willfully violated the Fair Credit Reporting Act.  In addition, he contends that defendants

> have furnished to a consumer reporting agency information that defendants determined is not complete and accurate[;] defendants have failed to promptly notify the consumer reporting agency of that determination and provide to the agency [any] corrections to that information, or any additional information that was necessary to make the information provided by the defendants to the agency complete and accurate; and defendants thereafter furnished to the agency information that remained incomplete and inaccurate.

Plaintiff alleges that NCO Financial violated the FTCA by misrepresenting to plaintiff that (1) he can be arrested or imprisoned for failing to pay defendants; (2) plaintiff has a legal obligation to pay defendants; or (3) defendants can take formal legal action against him.

In paragraphs 42, 43, and 44, plaintiff makes specific allegations that defendant NCO Financial and its employees harassed plaintiff on the phone by threatening to take his wages, salary and any bonuses to satisfy his debt.  Further, he alleges that defendant NCO Financial threatened to notify CheckSystem, a consumer reporting agency, of any delinquency on an account if plaintiff did not meet his obligations. Lastly, he alleges that NCO Financial took adverse action to collect a debt that had not

been verified.

Plaintiff seeks statutory and punitive damages as well as equitable relief.

The complaint alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

### I.   Defendant Barrist's Motion to Dismiss

Barrist moves to dismiss the complaint against him because, he argues, the complaint is devoid of any factual allegations supporting the Court's exercise of personal jurisdiction over Barrist.

Plaintiff's only allegation relating to Barrist is that Barrist is CEO of NCO Financial.

To survive a pretrial motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). Prior to discovery, a plaintiff need only make a prima facie showing of jurisdiction through pleadings, affidavits and supporting materials. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). All allegations are to be construed in the light most favorable to plaintiff, and all doubts are to be resolved in plaintiff's favor, notwithstanding controverting evidence by defendants. A.I. Trade Finance Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

Where jurisdiction is based on a federal question, "a federal court applies the forum state's personal jurisdiction rules if the federal statute does not specifically provide for national service of process." PDK Labs v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997). Because the Fair Credit Reporting Act does not provide for national service of process, whether the Court has personal jurisdiction over Barrist is analyzed under Connecticut law. See Obabueki v. IBM, 2001 U.S. Dist. LEXIS 11810, *4 (S.D.N.Y. Aug. 14, 2001).

In Connecticut, the court makes a two-step inquiry. Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir. 1995). First, the court determines whether the exercise of jurisdiction over the party is conferred by Connecticut's long-arm statutes. If jurisdiction is permissible under the long-arm statutes, the court then determines whether the exercise of jurisdiction under the statute comports with the provisions of the Fourteenth Amendment's due process clause. Metropolitan Life Ins. Co. v. Robertson-CECO Corp., 84 F.3d 560, 567 (2d Cir. 2006).

The relevant long-arm statute, Connecticut General Statutes § 52-59b, provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual ... who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate ... commerce....

Plaintiff asserts no facts in the complaint that would support the exercise of jurisdiction over Barrist. There is no allegation of Barrist performing any single action, let alone one in Connecticut. Further, there are no allegations in the complaint to support an alter ego or veil piercing theory that would impute NCO Financial's actions against Barrist. See 18B Am. Jur. 2d Corporations § 1630 ("Ordinarily, a director is not liable for the tortious acts of the officers, agents, or employees of the corporation, unless he or she participated therein or authorized the wrongful act.... Likewise, the president is not personally liable because of his ... official capacity ... for torts committed by the corporation, in the absence of personal participation in the tortious act."); Ventres v. Goodspeed Airport, LLC, 275 Conn. 105, 141-42 (2005) ("[A]n officer of a corporation does not incur personal liability for its torts merely because of his official position.").

Therefore, the Court will grant defendant Barrist's motion to dismiss for lack of personal jurisdiction.

## II.     Defendant NCO Financial's Motion to Dismiss

### A.     Count One - Violation of the Fair Credit Reporting Act

The first count of the complaint alleges that defendants violated 15 U.S.C. § 1681s-2(a) and (b).  Both of these allegations must fail because there is no private right of action under the law.  Enforcement of section 1681s-2(a) is limited to government agencies and officials.  See Elmore v. N. Fork Bancorporation, Inc., 325 F. Supp. 2d 336, 339 (S.D.N.Y. 2004); 15 U.S.C. § 1681s-2(d).  Therefore, plaintiff cannot assert his claim.

Similarly, plaintiff's claim under section 1681s-2(b) must fail.  Section 1681s-2(b) provides, in pertinent part:

> (1) In general – After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall -
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; and
>
> (D) in the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

15 U.S.C. § 1681s-2(b).  The section takes effect once the consumer reporting agency receives notice as required by 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the

completeness or accuracy of any information provided.  The notice requirement is to be strictly construed; failure to abide by it means that there cannot be a claim for relief. See Elmore, 325 F. Supp. 2d at 340.  Plaintiff did not allege that he sent NCO Financial a notice of dispute as required by the law.  Therefore, this claim must be dismissed.

### B. Counts Two and Three - Violations of the Federal Trade Commission Act

Counts two and three allege that defendants violated section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).  The Federal Trade Commission Act, however, does not create any private cause of action.  See Baum v. Great Western Cities, Inc., 703 F.2d 1197, 1209 (10th Cir. 1983); Frederick Chusid & Co. v. Marshall Leeman & Co., 326 F. Supp. 1043, 1063 (S.D.N.Y. 1971).  Therefore, these claims must be dismissed.

### C. Counts Four through Nine - Violations of the Fair Debt Collection Practices Act

Counts four, five, six, seven, eight and nine allege violations of the Fair Debt Collection Practices Act ("FDCPA").  The allegations of these counts track the statutory language almost verbatim.  For example, count five alleges:

> On numerous occasions, in connection with the collection of debts, the Defendants have communicated with third parties for purpose other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonabl[y] necessary to effectuate a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

That law, 15 U.S.C. § 1692c(b) states:

> Communication with third parties. Except as provided in

> section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

As evidenced by the above-quoted language, plaintiff's complaint lacks any factual allegations entitled to deference under Iqbal by the Court.  As the Supreme Court stated in Iqbal:

> A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders "naked assertions" devoid of further factual enhancement.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Iqbal, 129 S. Ct. at 1949.  Plaintiff's complaint is a laundry list of the elements of the statutory violations without any factual allegations that raise the right to relief to plausible.  In fact, plaintiff's complaint is the epitome of a complaint that "tenders naked assertions devoid of further factual enhancement."  Id.  Therefore, the Court will dismiss these counts.

      D.    **Count Ten - Violation of the Connecticut Penal Law**

Count ten alleges that defendants violated section 42-110b of the Connecticut General Statutes, the Connecticut Unfair Trade Practices Act ("CUTPA").  Plaintiff's allegations of a violation of CUTPA suffer for the same reason as plaintiff's allegations under the FDCPA: there are no factual allegations to support such a claim.  Therefore, this claim will be dismissed.

Because the Court will grant defendants' motions, the Court will permit plaintiff to replead his complaint to include factual allegations that would raise his right to relief above a speculative level.  The Court "cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000).  Plaintiff, therefore, is instructed to file an amended complaint in accordance with this ruling within fourteen days of the filing of this ruling.[1]  Failure to do so will result in the dismissal of this action with prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss (Docs. #14, 15).  Plaintiff is instructed to amend his complaint within fourteen days of the filing of this decision or the Court will dismiss plaintiff's case with prejudice.

Dated this 8th day of February, 2010 at Bridgeport, Connecticut.

                        /s/
                       Warren W. Eginton
                       Senior United States District Judge

---

[1] Because the Court based its ruling on rule 12, the Court need not address defendants' arguments based on rule 8 and 10 of the Federal Rules of Civil Procedure.  If appropriate, defendants may reassert these arguments at a later time.